IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT NAEHU, JR., | ) | CIVIL NO. 16-00673 DKW-KSC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | PLAINTIFF'S MOTION TO |
| | ) | REMAND CASE TO STATE COURT |
| THOMAS READ; JOHN DOES 1- | ) | FROM WHICH IT WAS REMOVED |
| 10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION
TO REMAND CASE TO STATE COURT FROM WHICH IT WAS REMOVED

Before the Court is Plaintiff Robert Naehu, Jr.'s ("Plaintiff") Motion to Remand Case to State Court From Which it Was Removed, filed January 19, 2017. Defendant Thomas Read ("Defendant") filed a Response on January 20, 2017. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii.

BACKGROUND

As the Court and the parties are well-acquainted with the extensive history of the underlying prisoner overdetention cases, only those facts relevant

to the disposition of the instant Motion are included here.

Plaintiff was one of a handful of prisoners who initiated state court actions alleging constitutional violations against Defendant.  Plaintiff's action was removed to federal court.  Civil No. 11-00226 DKW-RLP (consolidated with Civil Nos. 07-00266 DKW-RLP; 11-00381 DKW-RLP; 11-00382 DKW-RLP; 11-00384 DKW-RLP; 11-00385 DKW-RLP; 11-00386 DKW-RLP; 11-00387 DKW-RLP).

On March 9, 2016, U.S. District Judge Derrick Watson issued an Order Granting Defendants' Motion to Dismiss Federal Claims and Remanding State-Law Claims ("Dismissal Order").  Civil No. 11-00226 DKW-RLP, Doc. No. 33.  Because he dismissed Plaintiff's federal claims, and no other basis for original jurisdiction existed, Judge Watson declined to exercise supplemental jurisdiction over Plaintiff's state-law claims, and those claims were remanded to the Circuit Court of the First Circuit, State of Hawaii ("First Circuit" or "state court").

On July 20, 2016, the Ninth Circuit affirmed the Dismissal Order.

On October 24, 2016, the Ninth Circuit issued its mandate.

On December 21, 2016, Plaintiff filed a First Amended Complaint ("FAC") in state court.

On December 23, 2016, Defendant removed this action on ground that Plaintiff's action seeks to "recover damages pursuant to 42 U.S.C. § 1983, *et. seq.* for alleged deprivation by Petitioner [sic], of rights guaranteed Plaintiff under the Constitution and the laws of the United States."  Notice of Removal at ¶ 2.

The present Motion followed.

<u>DISCUSSION</u>

Plaintiff moves to remand this action to state court because jurisdiction is lacking.  Defendant believes that despite the negligence label assigned to Plaintiff's claim, Plaintiff is in fact asserting a § 1983 claim for lack of procedural due process.

Section 1441(a) provides, in pertinent part:

(a) Generally.--Except as otherwise

3

> expressly provided by Act of Congress, any
> civil action brought in a State court of
> which the district courts of the United
> States have original jurisdiction, may be
> removed by the defendant or the
> defendants, to the district court of the
> United States for the district and
> division embracing the place where such
> action is pending.

28 U.S.C. § 1441(a).  "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006) (Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court).

The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction.  See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), cert.

4

denied, 544 U.S. 974 (2005).  Courts should presume
that a case lies outside the limited jurisdiction of
the federal courts.  Hunter, 582 F.3d at 1042.

"In determining federal question jurisdiction,
the well-pleaded complaint rule 'provides that federal
jurisdiction exists only when a federal question is
presented on the face of the plaintiff's properly
pleaded complaint.'"  Id. (quoting Fisher v. NOS
Commc'ns, 495 F.3d 1052, 1057 (9th Cir. 2007)); Takeda
v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821
(9th Cir. 1985) (citations omitted) ("A case 'arises
under' federal law only if the federal question appears
on the face of the plaintiff's well-pleaded
complaint.").  That is, "[t]he federal question 'must
be disclosed upon the face of the complaint, unaided by
the answer or by the petition for removal.'"  Takeda,
765 F.2d at 822 (citation omitted).

"[S]ince the plaintiff is 'the master of the
complaint,' the well-pleaded-complaint rule enables
him, 'by eschewing claims based on federal law, . . .
to have the cause heard in state court.'"  Holmes Grp.,

5

<u>Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S.
826, 831 (2002) (citation omitted); <u>Hunter</u>, 582 F.3d at
1042 (quoting <u>Balcorta v. Twentieth Century-Fox Film
Corp.</u>, 208 F.3d 1102, 1106 (9th Cir. 2000)) (as master
of his complaint, a plaintiff "may 'avoid federal
jurisdiction by relying exclusively on state law'").

Here, the FAC asserts a single cause of action:
negligence.  Governing law requires the Court to look
at the face of Plaintiff's FAC, unaided by the Notice
of Removal, to ascertain whether it presents a federal
question.  Notwithstanding the FAC's plain language,
Defendant postulates that the FAC attempts to evade the
decisions of the federal courts and raises questions
concerning the violation of Plaintiff's procedural due
process rights.  The FAC contains no language that
could be construed as asserting a federal
constitutional claim under the guise of negligence.
Applying the strong presumption against removal, the
Court therefore finds that the case should be remanded.

Even if a liberal reading of the FAC could
reveal allegations that implicate a federal question,

6

it would be improper for the Court to infer a federal question when none is pled, just as it would be improper to give credence to Defendant's conjecture.[1] Not only is a federal question absent from the face of the FAC, Plaintiff has explicitly disclaimed a § 1983 or other civil rights violation,[2] and he explains that his negligence claim will rely on the Restatement (Second) of Torts.

Defendant concedes that Plaintiff does not mention § 1983 in the FAC, yet Defendant insists that Plaintiff is proceeding against him pursuant to § 1983 because it is the only vehicle by which to assert a claim for violation of due process rights.  Defendant cites cases for the proposition that a federal claim may be pled without citing to a specific statute, but these cases are inapposite and fail to carry

---

[1]  None of Defendant's other arguments establishes a basis for jurisdiction, but the Court addresses them for the sake of completeness.

[2]  At the January 23, 2017 status conference, Plaintiff's counsel again represented that Plaintiff is only asserting a negligence claim, and not any federal claims.

7

Defendant's burden of establishing the existence of federal jurisdiction.[3]

Defendant additionally argues that the Court may proceed with an action arising under the Constitution, even if not explicitly pled. Disregarding the well-established precedent set out above, Defendant posits that Plaintiff cannot frustrate

---

[3] For example, <u>Johnson v. City of Shelby, Miss.</u>, 135 S. Ct. 346, 347 (2014) (per curiam), involved Federal Rule of Civil Procedure 8's pleading standards, not the propriety of removal or whether the plaintiffs' complaint presented a federal question such that federal jurisdiction could be invoked. In <u>Johnson</u>, the plaintiffs asserted federal claims, but failed to cite § 1983. Under those facts, the Supreme Court concluded that "no heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim." <u>Id.</u> <u>Johnson</u> having concerned plaintiffs who asserted federal claims, it has no applicability here.

<u>Reich v. Tiller Helicopter Services, Inc.</u>, 8 F.3d 1018 (5th Cir. 1993), is equally inapplicable. Like <u>Johnson</u>, it does not involve the removal of an action. The portion relied upon by Defendant merely concerned the sufficiency of a federal claim that was pled without citing a specific statutory provision. <u>Id.</u> at 1032 ("To accept Appellees' argument would be tantamount to ruling that a federal statutory cause of action cannot be pleaded without citing the specific remedial statute in the complaint's jurisdictional statement. This is not the law.").

his right to remove by omitting reference to federal law when Plaintiff's claim is necessarily federal. Plaintiff's negligence claim does not and will not require application of federal law to evaluate the propriety of Defendant's conduct. But see Hayes v. Cave, 446 F.3d 712, 713 (7th Cir. 2006) ("What is true is that if federal law creates the claim on which the plaintiff is suing, the fact that he has omitted from his complaint any reference to federal law will not defeat removal."); Saks v. Dietrich, 663 F.3d 1065 (9th Cir. 2011) ("In short, because application of federal law is necessary to resolve each of the state law theories, this action involves a substantial federal question."). The Court therefore declines to find that the FAC implicates federal law.

Defendant lastly relies on the history of this (and the related) protracted prisoner litigation to call into question the veracity of Plaintiff and his counsel's representations about relying on a theory of negligence. Extrinsic information does not factor into the Court's inquiry, and Plaintiff's counsel's past

arguments relating to the claims against Defendant, particularly with respect to other cases, have no bearing on the limited inquiry of whether the FAC contains a claim that confers jurisdiction upon this Court.[4]  Consequently, any argument that Plaintiff's current claims must be interpreted as federal claims given counsel's past conduct and litigation strategy is unpersuasive.

Ambiguities manufactured by Defendant are not resolved in favor of retaining jurisdiction.  To the contrary, ambiguities are resolved in favor of remand. Notably, there is no ambiguity here because the FAC does not assert federal claims or implicate federal law.

Based on the foregoing, the Court finds that the Notice fails to establish a proper basis for removal.  Inasmuch as jurisdiction is lacking, this

---

[4]  It may simply be the case that after this protracted litigation, Plaintiff is limiting his claim to negligence, having unsuccessfully pursued constitutional claims.  Plaintiff's counsel has suggested as much.

Court recommends that the district court remand the case to the First Circuit.  28 U.S.C. § 1447(c).

<u>CONCLUSION</u>

In accordance with discussion above, the Court HEREBY RECOMMENDS that Plaintiff's Motion to Remand Case to State Court From Which it Was Removed, filed January 19, 2017, be GRANTED, and that the action be remanded to the Circuit Court of the First Circuit, State of Hawaii.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, January 24, 2017.



Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 16-00673 DKW-KSC; <u>NAEHU V. READ, ET AL.</u>; FINDINGS AND
RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND CASE TO STATE
COURT FROM WHICH IT WAS REMOVED