IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ROBERT NAEHU, JR., <br><br> Plaintiff, <br><br> vs. <br><br> THOMAS READ, <br><br> Defendant. | CIVIL NO. 16-00673 DKW-KSC <br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT FROM WHICH IT WAS REMOVED** |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION
TO GRANT PLAINTIFF'S MOTION TO REMAND CASE
TO STATE COURT FROM WHICH IT WAS REMOVED**

**INTRODUCTION**

Plaintiff Robert Naehu, Jr. seeks remand on the basis that the Court lacks subject matter jurisdiction over this negligence action involving the calculation of his state prison sentence. The Magistrate Judge agreed, finding removal improper because the Complaint alleged a single state-law claim and supplied no other basis for federal court jurisdiction. Defendant Thomas Read now objects to the Magistrate Judge's January 24, 2017 Findings and Recommendation ("F&R").

Because Naehu's Complaint does not allege a violation of 42 U.S.C § 1983 nor any other federal constitutional, statutory or common law right, and Plaintiff, in

1

fact, disavows any claim for relief based on federal law, Read has not met his burden of establishing this Court's jurisdiction. The Court lacks subject matter jurisdiction, this action was improperly removed, and the Magistrate Judge appropriately recommended granting Naehu's Motion to Remand. The Court adopts the conclusions of the F&R and overrules Read's Objections.[1]

## BACKGROUND

I. **Complaint And Notice of Removal**

On December 21, 2016, Naehu filed his First Amended Complaint in the First Circuit Court, State of Hawaii. Dkt. No. 1-2, Notice of Removal, Ex. A (First Amended Complaint). Read removed the case on December 23, 2016, based solely on the Court's original jurisdiction under 28 U.S.C. § 1343(a)(3). *See* Dkt. No. 1, Notice of Removal ¶ 2.

A. **Naehu's Claims**

Naehu served jail sentences at various prisons in the State of Hawaii for crimes committed in the State, originally with a maximum term release date ("MTRD") of May 7, 2010. First Amended Complaint ("FAC") ¶¶ 1, 5. Read was the Administrator for the State Department of Public Safety's ("DPS") Offender Management Office, which was "ultimate[ly] responsible for the

---

[1] The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d).

calculation of an inmate's [MTRD]." FAC ¶ 2. Naehu alleges that, "on October 2009, before his release date, [he] was informed by letter there were 'discrepancies' in the computation of his release date and that convictions previously considered 'concurrent' were actually 'consecutive' by operation of law. This recalculation was approved of by Read." FAC ¶ 5. Although Naehu's MTRD was extended from May 7, 2010 to June 12, 2013, Naehu was able to "fix this wrongful recalculation." FAC ¶ 5. Naehu asserts that—

> Although [Naehu] objected to this 'recalculation' it wasn't until [Naehu] was able to procure legal counsel to request the sentencing court to reiterate the court's true intent in sentencing [him] was to a concurrent sentence. Once the sentencing court clarified [Naehu's] sentence was concurrent to any other sentence, an amended judgment issued on March 3, 2011 after which [he] was released. By this date [Naehu] had been forced to serve an **EXTRA** 300 days in jail over what the sentencing court intended all without legal justification which caused Plaintiff to suffer damages in [an] amount to be shown at trial.

FAC ¶ 6.[2]

---

[2]Naehu's claims, like those in other related prisoner-overdetention matters, involve a change in the historical DPS policy of calculating sentences for multiples terms of confinement to run consecutively, except in cases where the sentencing court expressly ordered the sentences to run concurrently. As alleged in Naehu's Complaint—

> . . .this practice ended with implementation of the new policy (hereafter referred to as the "P&P) on January 1, 2005 whereby multiple sentences imposed at different times would not be considered "**CONSECUTIVE**" to any other sentence the prisoner may be serving unless specifically ordered "**CONCURRENT**" by the sentencing court in its final judgment and both the court and DPS followed this practice.

FAC ¶ 8.

According to Naehu, because his "original MTRD was calculated during the period of the 'practice,' when it was 'recalculated' on October 15, 2009 under the "P&P," his MTRD was now considered a consecutive sentence without notice, hearing or legal justification which caused his sentence to be extended[.]" FAC ¶ 9. Moreover, he alleges that the new "P&P came with no precautions or procedural safeguards to avoid recalculations as to how the P&P should be carried out." FAC ¶ 9. Naehu alleges a single cause of action, entitled "Negligence," which states, in part:

> 11. [Read's] manner of carrying out the P&P without procedural safeguards or precautions to guard against overdetentions caused [Naehu] to remain in prison an extra 300 days after his originally calculated MTRD of May 7, 2010 had expired.
>
> 12. [Read] was both a lawyer and THE Administrator of OMO for the State of Hawaii, so that,
>
> * * * *
>
> - Read would know or should have known a review of a sentence pursuant to the "P&P", PREVIOUSLY calculated under the practice WOULD result in a recalculation which happened to [Naehu].
>
> - Read would know or should know he must take reasonable efforts to avoid needless harm to [Naehu] while in DPS custody but did not make such efforts for [Naehu].
>
> - Read would know or should know circumstances may require greater care if a defendant knows or should

4

> know of other risks not contemplated by a prison regulation which was the case with [Naehu].
>
> - Read would know or should have known of the risk that would be prevented by imposing reasonable precautions not otherwise required by the regulation but chose not to take such measures.
>
> 13. Read's conduct was a breach of the duty of care owed [Naehu] and his breach of this duty caused [Naehu] to suffer overdetention and emotional distress damages in an amount to be shown at trial.

FAC ¶ 11-13. Naehu does not allege any other constitutional, statutory, or common law claims.

### B. Prior Litigation

Prior to the filing of Naehu's First Amended Complaint in state court on December 21, 2016, this matter was part of consolidated prisoner overdetention litigation handled by this Court and several others.[3] On March 9, 2016, the Court granted Read's motion to dismiss plaintiffs' Section 1983 claims and remanded the remaining claims to state court. *See Naehu v. Read*, Civ. No. 11-00226-DKW-RLP (D. Haw. Mar. 9, 2016), Dkt. No. 33 (dismissing federal claims and remanding state-law claims in consolidated cases) ("3/19/16 Order"). The Ninth Circuit

---

[3] *See, e.g.*, *Alston v. Read*, 678 F. Supp. 2d 1061 (D. Haw. 2010), *reversed and remanded by* 663 F.3d 1094 (9th Cir. 2011); *Beckstrand v. Read*, No. 14-15900, 2017 WL 957210, at *1 (9th Cir. Mar. 13, 2017); *Torres v. Read*, 593 Fed. Appx. 742, 743 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 239 (Oct. 5, 2015), *Simeona v. Dydasco*, 134 Hawai'i 540, 345 P.3d 206 (Ct. App. 2015), *cert. denied*, 2015 WL 4756462 (Aug. 10, 2015).

affirmed. *See Alston v. Read*, No. 16-15628 (9th Cir. July 20, 2016), Dkt. No. 12 (affirming dismissal of consolidated cases (1) *Alston v. Read*, Civ. No. 07-00266 DKW-RLP; (2) *Naehu v. Read*, Civ. No. 11-00226 DKW-RLP; (3) *Ortiz v. Read*, Civ. No. 11-00381 DKW-KSC; (4) *Naʻo v. Read*, Civ. No. 11-00382 DKW-RLP; (5) *Munzig v. Read*, Civ. No. 11-00384 DKW-KSC; (6) *Flores v. Read*, Civ. No. 11-00385 DKW-RLP; (7) *Bartimac v. Read*, Civ. No. 11-00386 DKW-RLP; and (8) *Albinio v. Read*, Civ. No. 11-00387 DKW-RLP).

This Court's March 9, 2016 Order noted that the consolidated complaints in those actions each alleged that Read instituted the 2005 policy (or P&P) with inadequate procedural safeguards, resulting in overdetention beyond plaintiffs' MTRD. *See* 3/19/16 Order at 4. The complaints alleged violations of plaintiffs' federal rights including: (1) unreasonable search and seizure in violation of the Fourth Amendment; (2) cruel and unusual punishment in violation of the Eighth Amendment; and (3) a "protected liberty interest" and right to due process under the Fourteenth Amendment. Plaintiffs, including Naehu, also alleged corresponding state constitutional violations and negligence claims. *See* 3/19/16 Order at 5-6. The Court remanded those state-law claims in its March 9, 2016 Order. *See* 3/19/16 Order at 15-16.

According to Naehu—

> While Plaintiff's case was in the First Circuit Court on remand Plaintiff moved to amend his Complaint to clarify his claim of

6

> negligence. This motion was granted and the Order allowing
> for Plaintiff to amend his Complaint was filed December 14,
> 2016. (Exhibit 4). The Amended Complaint eliminated all
> Federal causes of action leaving only a State tort claim to decide
> of negligence.

Dkt. No. 11-1, Mem. in Supp. of Mot. to Remand at 2.

## II. Magistrate Judge's F&R

### A. Naehu's Motion to Remand

On January 19, 2017, Naehu filed his Motion to Remand Case to State Court From Which it Was Removed (Dkt. No. 11), on the grounds that he alleges no "due process nor any other Federal Constitutional right . . nor [any] 42 U.S.C. § 1983 [claim]." Mem. in Supp. of Mot. to Remand at 2. Read opposed the motion, while acknowledging that "[i]t is correct that Naehu does not mention 42 U.S.C. § 1983 in his First Amended Complaint." Dkt. No. 14, Response to Mot. to Remand at 3. Read maintains that Naehu is attempting to defeat federal subject matter jurisdiction by artful pleading—that, in fact, his "claim is based on a violation of his due process rights, not a claim of negligence. It presents a substantial federal question, making removal proper." Response to Mot. to Remand at 5.

### B. Magistrate Judge's F&R

In the January 24, 2017 F&R, the Magistrate Judge rejected Read's argument that Naehu was attempting to "frustrate [Read's] right to remove by omitting reference to federal law." Dkt. No. 19, F&R at 8-9. The F&R instead found that

7

Naehu's "negligence claim does not and will not require application of federal law to evaluate the propriety of [Read's] conduct." F&R at 9. The Magistrate Judge likewise found meritless Read's contention that Naehu's "current claims must be interpreted as federal claims given counsel's past conduct and litigation strategy[.]" F&R at 10.

> Ambiguities manufactured by [Read] are not resolved in favor of retaining jurisdiction. To the contrary, ambiguities are resolved in favor of remand. Notably, there is no ambiguity here because the FAC does not assert federal claims or implicate federal law. Based on the foregoing, the Court finds that the Notice fails to establish a proper basis for removal.

F&R at 10. The F&R thus recommended granting Naehu's Motion to Remand. F&R at 11.

Read's Objections followed on February 7, 2017. Dkt. No. 21.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review *de novo* those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise."). The district judge may accept the portions of the findings and

recommendation to which the parties have not objected as long as it is satisfied that there is no clear error on the face of the record. *See United States v. Bright*, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); Fed. R. Civ. P. 72(b) advisory committee's note.

## DISCUSSION

As a preliminary matter, the Court notes that Read's Objections do not comply with Local Rule 74.2, which requires that a party objecting to an F&R must "specifically identify the portions of the order, findings, or recommendation to which objection is made and the basis for such objections." Rather, the Objections appear to be a verbatim recitation of Read's Response to Naehu's Motion to Remand. *Cf.* Dkt. Nos. 14 (Response) and 21 (Objections). The Court need not, therefore, review *de novo* any portion of the F&R to which Read has not specifically objected, and may instead review for clear error. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Seto v. Kamai'Aina Care, Inc.*, 2011 WL 6779776, at *1 (D. Haw. Dec. 27, 2011) (Overruling objection that failed to specify what was being objected to and the basis of the objection, while also noting that, "if an objection in compliance with Local Rule 74.2 would only have reiterated the points raised before the Magistrate Judge, the result would not have changed even had the objection set forth those points.").

With respect to the merits, because Naehu's Complaint alleges only negligence under Hawaiʻi state law and does not allege any federal cause of action, this Court lacks subject matter jurisdiction over the dispute. Read's removal to this Court was therefore improper and his Objections to the F&R are overruled.

## I. Removal Generally

Removal of an action from state to federal court is proper if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Read initially relied solely on the Court's original jurisdiction under 28 U.S.C. § 1343(a)(3) as the basis for removal in this case. *See* Notice of Removal ¶ 2. Under Section 1343(a)(3), district courts have original jurisdiction over any civil action—

> [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

28 U.S.C. § 1343(a)(3).

The parties, however, focused on the Court's federal question jurisdiction in briefing the Motion to Remand and Objections. *See* Dkt. Nos. 11, 14, 21, and 23. Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under Section 1331, whether federal question jurisdiction exists is governed by the

"well-pleaded complaint rule," which provides that federal question jurisdiction may only be invoked when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Generally, an action is deemed to "arise under" federal law where it is a "federal law [that] creates the cause of action" that the plaintiff has asserted. *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). Actions asserting state-law claims may also be deemed to "arise under" federal law for purposes of federal question jurisdiction if the asserted state law: (1) "necessarily raise[s] a stated federal issue," (2) that is "actually disputed" and (3) "substantial," and (4) "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Daru Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," and a defendant who invokes the federal court's removal jurisdiction "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted) (noting that there is a "strong presumption" against removal jurisdiction); *accord Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011). *See generally* 8 U.S.C. § 1447(c) (allowing parties to challenge removal by moving to remand).

Read has not met that burden in the instant case.

## II.     Read's General Objection Is Overruled

Naehu does not allege a Section 1983 claim—his sole claim sounds in negligence.   Because Naehu does not allege a claim for violation of Section 1983, a violation of his "federal civil rights," or "federal due process rights," the Court does not have original jurisdiction pursuant to Section 1331 or 1343(a)(3).

Read's Objection is based primarily on his conclusion that Naehu's Complaint means what it does not say on its face—that the negligence claim actually requires the Court to determine "whether or not Read violated Naehu's federal due process rights by failing to write a policy which included 'procedural safeguards.'" Obj. at 13.   Put another way, "that Read was negligent because he did not protect Naehu's due process rights."   Obj. at 12.   The Complaint cannot be read in the expansive manner urged by Read in order to manufacture federal jurisdiction.

The Complaint neither invokes nor implies any federal rights.   Naehu is clear in his briefing that he seeks to comply with this Court's and the Ninth Circuit's prior rulings.   *See* Pl.'s Response to Obj. at 9-10 ("[T]here can be little question the Ninth Circuit has made its position clear in the consolidated cases . . . that federal claims in that group of cases are to be considered disposed of."); Mem. in Supp. of Mot. to Remand at 11.[4]   As such, he plainly intends to assert a single negligence claim

---

[4]*See also* F&R at 7 ("Plaintiff has explicitly disclaimed a § 1983 or other civil rights violation, and he explains that his negligence claim will rely on the Restatement (Second) of Torts."); *id*. at 7 n.2

against Read.  *See* Mem. in Supp. of Mot. to Remand at 7 ("[Read was duty bound to stop the growing number of overdetentions when approving recalculations and fix his [policy] by acting reasonably to ferret out valid claims of overdetention. . . [Read's] conduct in this regard was neither objective nor reasonable and therefore negligent which is what [Naehu's] Complaint is all about.").

Read asserts that "[a]ccepting the argument offered by [Naehu's counsel] would have the effect of allowing plaintiffs to evade removal to federal court by merely claiming a 'negligence' cause of action based on the defendant having a duty to protect the plaintiff's federal civil rights and breach[ing] that duty resulting in injury." Obj. at 13. The factual and legal premises underlying Read's argument are not true. As "the 'master' of his complaint; where he may pursue state and federal law claims, [Naehu] is free to pursue either or both, so long as fraud is not involved." *Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990) (quoting *Savelson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1426–27 (9th Cir. 1984)). In other words, Naehu can avoid federal jurisdiction by relying exclusively on state law. *Caterpillar*, 482 U.S. at 392.

---

("At the January 23, 2017 status conference, Plaintiff's counsel again represented that Plaintiff is only asserting a negligence claim, and not any federal claims.").

13

Notably, the question of "whether the complaint states a claim 'arising under' federal law must 'be ascertained by the legal construction of the plaintiff's allegations and not by the effect attributed to those allegations by the adverse party.'" *Ultramar*, 900 F.2d at 1414 (quoting *Tennessee v. Union & Planter's Bank*, 152 U.S. 454, 460 (1894)) (some quotation marks and brackets omitted); *accord Pasion v. Cty. of Kauai*, 2014 WL 957433, *4 (D. Haw. Mar. 11, 2014) (quoting *Ultramar*, for the same). To be clear, it is the legal construction of Naehu's claims—not Read's interpretation—that governs the Court's jurisdictional analysis. Naehu, as the master of his Complaint, chose not to plead a Section 1983 cause of action—or any other claim arising under federal law—but instead, advanced a single state law-based negligence claim.

Neither of the exceptions to the well-pleaded complaint rule alluded to by Read in his briefing is applicable under these circumstances. *See* Obj. at 7-8 (citing *Hays v. Cave*, 446 F.3d 712 (7th Cir. 2006), and *Sacks v. Dietrich*, 663 F.3d 1065 (9th Cir. 2011)). First, the artful pleading doctrine does not apply here—there simply is no underlying federal claim that was omitted or artfully avoided. *See Hays*; 446 F.3d at 714 (Noting that "if federal law creates the claim on which the plaintiff is suing, the fact that he has omitted from his complaint any reference to federal law will not defeat removal" and that "the plaintiff cannot abrogate the defendant's right of removal by 'artful pleading.'") (citations omitted); *see also*

14

*Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003), *as amended* (Sept. 22, 2003) ("The artful pleading doctrine allows courts to delve beyond the face of the state court complaint and find federal question jurisdiction by recharacteriz[ing] a plaintiff's state-law claim as a federal claim.") (citations and quotation marks omitted). That is, the negligence claim is not simply a federal due process claim in disguise. Naehu has acknowledged that he has no right to assert a federal law-based claim, as recently confirmed by the Ninth Circuit, and he therefore intends to pursue in state court his only available remedy under state law. That is certainly his prerogative.

Second, Naehu's right to relief does not depend on the resolution of a substantial, disputed federal question. *See, e.g., Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (Whether or not a complaint pleads a federal cause of action, "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues" because "a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law.").

> A state law claim falls within this second category when: (1) a substantial, disputed question of federal law is a necessary element of . . . the well-pleaded state claim . . . or the claim is an inherently federal claim articulated in state-law terms . . . ; or (2) the right to relief depends on the resolution of a substantial, disputed federal question[.]

15

*Lippitt*, 340 F.3d at 1042 (citations and quotation marks omitted). This is not such a case. The state court on remand will not be required to reach any question of federal law, much less a *substantial* one.

In sum, Read falls short of his burden of demonstrating that this Court has subject matter jurisdiction over Naehu's Complaint. Federal-question jurisdiction does not attach here because Naehu's Complaint alleges exclusively a state—not federal—cause of action. Naehu "may defeat removal by choosing not to plead independent federal claims." *See Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013) (citation and quotation signals omitted). Naehu chose to litigate his remanded negligence cause of action in compliance with the orders issued by federal courts in the consolidated prisoner litigation. Accordingly, removal to federal court was improper, and the Court lacks jurisdiction to do anything other than remand this case to state court.

Upon review of the F&R and consideration of the parties' submissions, the Court overrules Read's Objections and adopts the F&R's recommendation to grant the Motion to Remand.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Findings and Recommendation to Grant Plaintiff's Motion to Remand Case To State Court From Which It Was Removed and OVERRULES Defendant Read's Objections.

IT IS SO ORDERED.

DATED: March 23, 2017 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*Naehu v. Read*, CV NO 16-00673 DKW-KSC; **ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT FROM WHICH IT WAS REMOVED**